UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA ROBERTSON,<br><br>Plaintiff,<br><br>v.<br><br>NAPA STATE HOSPITAL, et al.,<br><br>Defendants. | Case No. 24-cv-08692-JST<br><br>**ORDER VACATING DEADLINES, STAYING AND ADMINISTRATIVELY CLOSING CASE** |

Plaintiff, a civil detainee, has filed a *pro se* action pursuant to 42 U.S.C. § 1983 against Napa State Hospital ("NSH") and NSH staff. For the reasons set forth below, the Court STAYS the case pending the Ninth Circuit's decision in Plaintiff's appeal.

## DISCUSSION

Plaintiff commenced this action by filing the complaint docketed at ECF No. 1. In the complaint, Plaintiff alleges that Napa State Hospital and certain NSH staff failed to protect Plaintiff from fellow patient Kyle Martin and failed to address Plaintiff's medical needs when they refused to change Plaintiff's roommate, whose actions were triggering Plaintiff's PTSD startle-response. The complaint alleged that these actions and omissions violated the Fourteenth Amendment's requirement that civil detainees be housed in safe conditions. *See generally* ECF No. 1. Plaintiff also requested a preliminary injunction ordering Defendants to revoke patient Kyle Martin's 'Mall' and cafeteria privileges. ECF No. 2. On December 19, 2024, the Court dismissed the complaint with leave to amend in a reasoned order. The Court found that the complaint's allegation that Defendants' actions and omissions put Plaintiff at substantial risk of serious harm from patient Martin was contradicted by the complaint's factual allegations. Because it was unclear whether Plaintiff could state a cognizable constitutional claim regarding the events

1  concerning Martin, the Court granted Plaintiff leave to amend this claim.  The Court dismissed the
2  claim regarding the refusal to change Plaintiff's roommate because it violated the joinder
3  requirement set forth in Fed. R. Civ. P. 20(a)(2).  He Court declined to exercise supplemental
4  jurisdiction over the state-law claims as the federal constitutional claim had been dismissed.  ECF
5  No. 12.  The Court instructed Plaintiff that if he wished to amend his Fourteenth Amendment
6  claim regarding patient Martin, he should file an amended complaint by January 16, 2025.  *Id.*  In
7  that same order, the Court denied Plaintiff's request for a preliminary injunction.  *Id.*  Plaintiff has
8  not filed an amended complaint, and the deadline to do so has passed.  There is currently no
9  operative complaint in this action.

10  On March 6, 2025, Plaintiff filed an interlocutory appeal with the Ninth Circuit, appealing
11  the Court's December 19, 2024 denial of his request for a preliminary injunction.  ECF No. 18.
12  On March 11, 2025, the Ninth Circuit opened a case pursuant to Plaintiff's appeal, 9th Cir. C No.
13  25-1561, and set a briefing schedule.  9th Cir. C No. 25-1561, ECF Nos. 1, 2.  On April 1, 2025,
14  Plaintiff filed an amended notice of appeal, challenging the dismissal of the complaint with leave
15  to amend.  9th Cir. C No. 25-1561, ECF No. 3.

16  Plaintiff's interlocutory appeal concerns the merits of this case and therefore divests this
17  court of jurisdiction over the case while the appeal is pending.  *Griggs v. Provident Consumer*
18  *Disc. Co.*, 459 U.S. 56, 58 (1982) (district court and court of appeals should not assert
19  simultaneous jurisdiction over same matter) ("The filing of a notice of appeal is an event of
20  jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district
21  court of its control over those aspects of the case involved in the appeal.").  In light of the pending
22  interlocutory appeal, the Court exercises its discretion to stay this case pending resolution of the
23  appeal.  *See Nken v. Holder*, 556 U.S. 418, 434 (2009) (whether to stay action pending appeal is
24  matter of court's discretion); *see also City of Oakland v. Holder*, 961 F. Supp. 2d 1005, 1015
25  (N.D. Cal. 2013) (staying action pending appeal because important legal questions were pending
26  before Ninth Circuit, and public interest lay in "ensuring" that action was "litigated consistently
27  and in the most efficient manner possible").
28  //

**CONCLUSION**

For the forgoing reasons, the Court, in its discretion, STAYS the case pending the Ninth Circuit's decision in Plaintiff's appeal. Plaintiff shall inform the Court within fourteen days of the Ninth Circuit's issuance of a mandate in Plaintiff's appeal. The Court VACATES the briefing schedule, and directs the Clerk to terminate all pending motions as moot and to administratively close the file. The administrative closure of this case is purely an administrative procedure that does not affect the rights of the parties. If the Ninth Circuit returns this action to this Court, the Court will set a new deadline for the amended complaint.

**IT IS SO ORDERED.**

Dated: October 6, 2025

_____
JON S. TIGAR
United States District Judge