UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSHUA ROBERTSON,

Plaintiff,

v.

NAPA STATE HOSPITAL, et al.,

Defendants.

Case No. 24-cv-08692-JST

**ORDER LIFTING STAY; REOPENING CASE; AND ORDERING PLAINTIFF TO FILE AMENDED COMPLAINT**

Plaintiff, a civil detainee, has filed a *pro se* action pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court ORDERS the Clerk to lift the existing stay and reopen this action; and ORDERS Plaintiff to file an amended complaint by June 1, 2026.

**DISCUSSION**

In the initial complaint, Plaintiff sued Napa State Hospital and certain NSH staff, alleging that they had failed to protect him from fellow patient Kyle Martin and had failed to address his medical needs when they refused to change Plaintiff's roommate. The initial complaint alleged that these actions and omissions violated the Fourteenth Amendment's requirement that civil detainees be housed in safe conditions, and also alleged certain state-law claims. *See generally* ECF No. 1. Plaintiff also requested a preliminary injunction ordering Defendants to revoke patient Kyle Martin's "Mall" and cafeteria privileges. ECF No. 2.

On December 19, 2024, the Court dismissed the complaint for the following reasons. The Court found that the complaint's allegations regarding patient Martin failed to state a claim because the claim that Plaintiff faced substantial risk of serious harm from patient Martin because of Defendants' acts or omissions was contradicted by the complaint's factual allegations. The Court dismissed the claim regarding the refusal to change Plaintiff's roommate because it violated

the joinder requirement set forth in Fed. R. Civ. P. 20(a)(2).  The Court declined to exercise supplemental jurisdiction over the state-law claims as the federal constitutional claim had been dismissed.  The Court granted Plaintiff leave to amend his Fourteenth Amendment claim regarding patient Martin, and instructed Plaintiff to file an amended complaint by January 16, 2025.  ECF No. 12.  In that same order, the Court denied Plaintiff's request for a preliminary injunction.  *Id.*

Plaintiff did not file an amended complaint by the deadline.  Instead, on March 6, 2025, Plaintiff filed an interlocutory appeal with the Ninth Circuit, appealing the Court's denial of his preliminary injunction request.  ECF No. 18.  Because Plaintiff's interlocutory appeal concerned the merits of this case, the Court stayed this case on October 6, 2025, pending the Ninth Circuit's decision in Plaintiff's appeal.  ECF No. 25.

On March 19, 2026, the Ninth Circuit denied Plaintiff's request to proceed *in forma pauperis* on appeal and dismissed the appeal as frivolous.  ECF No. 26.  The Ninth Circuit's mandate issued on April 10, 2026.  ECF No. 27.

Accordingly, the Court ORDERS the Clerk to LIFT the stay and REOPEN this action.

Currently, there is no operative complaint in this action.  The Court ORDERS Plaintiff to file an amended complaint in accordance with the Court's December 19, 2024 Order by June 1, 2026.  As a reminder, the Court dismissed the Fourteenth Amendment claim regarding Defendants' actions and inactions related to patient Martin for failure to state a claim but granted Plaintiff leave to amend if he believed that the factual allegations regarding patient Martin stated a constitutional claim.  The Court dismissed the claims arising out defendant Cunningham's refusal to change Plaintiff's roommate and to provide him therapy for his PTSD as violating Fed. R. Civ. P. 20(a)'s joinder requirement but dismissed the claims without prejudice to filing in a separate action.  Finally, the Court dismissed the state-law claims without prejudice to repleading these claims in the amended complaint if appropriate.  ECF No. 12.

Plaintiff is reminded that an amended complaint completely replaces the previous complaints.  *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 925 (9th Cir. 2010).  Accordingly, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the

United States District Court
Northern District of California

defendants he wishes to sue, and may not incorporate material from the prior complaint by reference. In the amended complaint, Plaintiff may not replead or include claims that have already been dismissed with prejudice by the Court. Failure to file an amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to Plaintiff.

## CONCLUSION

For the foregoing reasons, the Court orders as follows.

1.      The Court ORDERS the Clerk to LIFT the stay and REOPEN this action.

2.      By June 1, 2026, Plaintiff shall file an amended complaint in accordance with the Court's December 19, 2024 Order (ECF No. 12). The amended complaint must include the caption and civil case number used in this order, Case No. C 24-08692 JST (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. An amended complaint completely replaces the previous complaints. *See Lacey*, 693 F.3d at 925. Accordingly, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue, and may not incorporate material from the prior complaint by reference. In the amended complaint, Plaintiff may not replead or include claims that have already been dismissed with prejudice by the Court. Failure to file an amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to Plaintiff.

3.      The Clerk shall include two copies of the court's complaint form and a copy of ECF No. 12 with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated: April 15, 2026

_____
JON S. TIGAR
United States District Judge

United States District Court
Northern District of California

3